# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALAMOS ASSET MANAGEMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-1510-MN |
| ) | |
| TRAVELERS CASUALTY AND SURETY ) | **TRIAL BY JURY OF TWELVE** |
| COMPANY OF AMERICA, ) | **DEMANDED** |
| ) | |
| Defendant. ) | |

## CALAMOS ASSET MANAGEMENT, INC.'S MOTION FOR RECONSIDERATION OR CLARIFICATION OF THE COURT'S APRIL 30, 2021 MEMORANDUM OPINION

OF COUNSEL:

Matthew J. Schlesinger
Colin P. Watson
Maura A. Sokol
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5581
mschlesinger@cov.com
cpwatson@cov.com
msokol@cov.com

Dated: May 14, 2021

Jennifer C. Wasson (No. 4933)
Carla M. Jones (No. 6046)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 984-6000
jwasson@potteranderson.com
cjones@potteranderson.com

*Attorneys for Plaintiff*
*Calamos Asset Management, Inc.*

Both parties agree that, subject to any required allocation between covered and uncovered amounts, the Travelers Policy provides coverage for the costs that CAM incurred to defend Messrs. Calamos and Koudounis in the Stockholder Action.[1]  In fact, in a joint letter to the Court, the parties recently identified "the remaining issue(s)" for trial as being "the appropriate allocation between covered and uncovered amounts, if any, of the costs that Plaintiff incurred to *defend* and, ultimately, settle the Stockholder Action on behalf of Messrs. Calamos and Koudounis." D.I. 212 at 1 (emphasis added).

Yet, one part of the Court's April 30, 2021 memorandum opinion could be construed as inconsistent with the parties' understanding.  CAM had asked the Court to rule on summary judgment that any allocation between covered and uncovered defense costs would be decided by applying the "reasonably related" rule.  The Court denied CAM's motion on that issue (and CAM does not seek reconsideration of that aspect of the Court's ruling), but in doing so stated that the Stockholder Action is not a "covered claim." D.I. 210 at 14.  This statement could be read to imply that no coverage of any kind would be available to CAM in connection with the Stockholder Action.  But that is clearly inconsistent with the rest of the Court's opinion, as well as the law and facts.

Elsewhere in the Court's opinion, the Court held that the amounts CAM had incurred on behalf of Messrs. Calamos and Koudounis in their insured capacities *to settle* the Stockholder Action are covered, subject to any required allocation. *Id.* at 1–2, 14–16.  This holding was required by the clear terms of the reimbursement (or "Side B") coverage of the Travelers Policy. Under that same coverage, again subject to any required allocation, CAM is just as clearly entitled

---

[1] Capitalized terms not otherwise defined herein, have the meaning ascribed to them in CAM's brief in support of its December 7, 2020 motion for summary judgment. D.I. 164.

to be reimbursed for the *defense costs* it incurred on behalf of Messrs. Calamos and Koudounis in the Stockholder Action.  Thus CAM does not now challenge the Court's decision that the "reasonably related" rule does not apply in determining any required allocation of defense costs. But CAM respectfully seeks to clarify that the defense costs it incurred on behalf of Messrs. Calamos and Koudounis in their insured capacities in the Stockholder Action are covered, subject to any allocation, just as with the settlement amount as the Court ruled.

## ARGUMENT

Both parties agree that the defense costs of the individual defendants in the Stockholder Action are recoverable under the "reimbursement" (or "Side B") coverage in the Travelers Policy. On summary judgment, the parties disagreed only about the rule that should govern any allocation of those defense costs.  CAM advocated for application of the "reasonably related" rule, and sought a declaration that "[a]ny defense costs reasonably related to the stockholder class action brought against insured CAM affiliates, and others, are covered." D.I. 163 at 1.  In response, Travelers argued only that the "relative exposure" rule of allocation in the Travelers Policy should apply. D.I. 177 at 18–20.  Travelers never suggested that the Travelers Policy did not provide "reimbursement" coverage for the defense costs of the individual defendants in their insured capacities in the Stockholder Action. *Id.*

Even after the rulings in the Court's April 30, 2021 opinion, the parties continued to agree that coverage is available to CAM for the defense costs incurred on behalf of the individual defendants in the Stockholder Action.  In the parties' May 4, 2021 joint letter to the Court, they identified "the remaining issue(s)" for trial as being "the appropriate allocation between covered and uncovered amounts, if any, of the costs that Plaintiff incurred to ***defend*** and, ultimately, settle the Stockholder Action on behalf of Messrs. Calamos and Koudounis." D.I. 212 at 1 (emphasis added).  The parties never suggested that the Court's recent rulings meant that the defense costs

incurred on behalf of Messrs. Calamos and Koudounis in the Stockholder Action no longer were covered.

One part of the Court's April 30, 2021 opinion, however, can be read as being contrary to the parties' shared understanding. In that opinion, the Court denied CAM's request for a declaration that the "reasonably related" rule should apply to any allocation of the defense costs in the Stockholder Action. D.I. 210 at 14–15. In so holding, the Court stated, that "the reasonably related rule requires a covered claim *and Calamos has not identified one*." *Id.* (emphasis added). According to the Court, CAM had "asserted that the Stockholder Action was a covered claim. But that assertion was rejected in the Court's earlier opinion. (D.I. 201)." *Id.*

This statement could be read to suggest that CAM has no coverage at all for the Stockholder Action. The Court's earlier opinion had concluded that the Stockholder Action is not a "Securities Claim" as that term is used in the "Side C" insuring agreement (for claims made directly against CAM entities) and therefore the Stockholder Action was not an insured claim with respect to CAM or any other affiliated *entities*. D.I. 201 at 4–6; *see also* D.I. 210 at 1, 2. By asserting that the Stockholder Action is not a covered claim, the Court's denial of CAM's summary judgment motion with respect to the "reasonably related" rule seems to suggest that, contrary to the parties' agreement, CAM's claim for reimbursement of the individual defendants' defense costs in the Stockholder Action also was eliminated by the Court's ruling that CAM may not seek coverage under the "Side C" portion of the Travelers Policy, which requires a "Securities Claim."

But any such conclusion would not be correct. The "Side C" coverage applies to the defense costs of an insured entity only. The "Side B" coverage provides "reimbursement" coverage for the defense costs that an insured entity incurs on behalf of insured individuals. CAM confirmed in its Rule 59(e) motion that it relies on the grant of "reimbursement" or "Side B"

coverage to recover the defense costs it incurred on behalf of the individual defendants in the Stockholder Action (just as it seeks to recover the costs it incurred to settle the Stockholder Action on behalf of those individual defendants): "the absence of 'entity' coverage stemming from the holding that the Stockholder Action is not a 'Securities Claim' does not extinguish CAM's entitlement to 'reimbursement' coverage because CAM *defended* and indemnified Messrs. Calamos and Koudounis in the Stockholder Action (and the *defense costs* and settlement were driven by the allegations against those two individual defendants)." D.I. 204 at 6 (emphasis added).[2]  Because "Side B" of the Travelers Policy provides "reimbursement" coverage for both settlement and defense costs, the parties agreed, and continue to agree, that CAM's claim for the Stockholder Action defense costs of Messrs. Calamos and Koudounis does not depend on the presence of a "Securities Claim," and thus remains in this case, subject to any required allocation between covered and uncovered amounts.

Reconsideration or clarification of the Court's statement in the April 30, 2021 opinion on this issue is warranted to eliminate any suggestion that the Court has rejected, or is rejecting, the parties' agreement that "reimbursement" coverage is available to CAM for defense costs incurred on behalf of individuals in the Stockholder Action.  Such a rejection could only be based on a misunderstanding of the parties' positions, and the facts and law underlying those positions.  *See, e.g.*, *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (reversing trial court for failure to grant motion for reconsideration); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2017 WL 3888228, at *1 (D. Del. Sept. 6, 2017) (granting motion for reconsideration).

---

[2]*See also* D.I. 204 at 5 ("Under the 'reimbursement' insuring agreement, CAM is entitled to coverage for the amounts it incurs to *defend* and settle any 'Claim' on behalf of insured officers and directors, such as Messrs. Calamos and Koudounis." (emphasis added)).

4

## CONCLUSION

For the foregoing reasons, CAM respectfully requests that the Court grant CAM's motion for reconsideration or clarification, and enter the enclosed order providing that: notwithstanding anything in the Court's April 30, 2021 memorandum opinion to the contrary, coverage is available, subject to any required allocation, for amounts that CAM incurred on behalf of Messrs. Calamos and Koudounis to defend them in the Stockholder Action.[3]

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Matthew J. Schlesinger
Colin P. Watson
Maura A. Sokol
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5581
mschlesinger@cov.com
cpwatson@cov.com
msokol@cov.com

Dated: May 14, 2021
7200987 / 45399

By: */s/ Jennifer C. Wasson*
Jennifer C. Wasson (No. 4933)
Carla M. Jones (No. 6046)
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 984-6000
jwasson@potteranderson.com
cjones@potteranderson.com

*Attorneys for Plaintiff
Calamos Asset Management, Inc.*

---

[3] CAM assumes, in light of the Court's ruling with respect to any allocation of Stockholder Action *settlement* amounts, that the "relative exposure" rule will apply to any allocation of defense amounts. *See* D.I. 210 at 6–13. CAM respectfully disagrees with that result, but does not challenge it in this motion.

5