IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALAMOS ASSET MANAGEMENT, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>        Defendant. | C.A. No. 18-1510 (MN) |

# MEMORANDUM OPINION

Jennifer C. Wasson and Carla M. Jones, POTTER ANDERSON & CORROON LLP, Wilmington, DE.; Matthew J. Schlesinger, Colin P. Watson, and Maura A. Sokol, COVINGTON & BURLING LLP, Washington, DC. *Attorneys for Plaintiff.*

Francis G.X. Pileggi of LEWIS BRISBOIS BISGAARD & SMITH LLP, Wilmington, DE.; Ronald P. Schiller and Daniel J. Layden of HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER, Philadelphia, PA – *Attorneys for Defendant*

.

October 21, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

This action involves a long-running insurance coverage dispute between Plaintiff Calamos Asset Management, Inc. ("Calamos") and its excess insurer, Defendant Travelers Casualty and Surety Company of America ("Travelers"). The parties dispute whether Travelers is obligated to provide coverage for Calamos' defense and settlement of a stockholder action alleging, in part, that two of its officers and directors—John Calamos and John Koudounis—breached their fiduciary duties ("the Stockholder Action"). In an April 30, 2021 Memorandum Opinion, the Court issued various rulings on cross-motions for summary judgment as to what type of coverage was available and to whom ("the Coverage Opinion"). (D.I. 210 at 14-15). Currently pending before the Court is Calamos' motion for clarification of the Coverage Opinion. (D.I. 219). For the foregoing reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I.      LEGAL STANDARD**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend . . . previous rulings" or to "make findings of fact." *Resolution Trust Corp. v. KPMG Peat Marwick*, Civ.A. No. 92–1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993). "Although a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order," the movant must show that the court has a duty to do so. *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019).

**II.     DISCUSSION**

In the Coverage Opinion, the Court ruled on the parties' various requests for declaratory judgments on what coverage was or was not available under the insurance policy (hereinafter "Policy" or "Travelers Policy"). (D.I. 210 at 14-15). Taking into account these various rulings, the only remaining coverage potentially available to Calamos is under Section B of the Policy. As the Court explained in the Coverage Opinion:

1

> Section B of the Travelers Policy covers Insured Persons for a "Company Loss which the Company is required or permitted to pay as indemnification to any of the Insured Persons resulting from a Claim . . . for a Wrongful Act." Per the Policy, "Wrongful Act" means in relevant part a "breach of duty by any Insured Person while acting in his or her capacity as an Insured Person . . . ." The definition of "Insured Persons" includes directors and officers of certain companies, but not stockholders. Accordingly, the Travelers Policy provides coverage when Mr. Calamos is sued based on his acts as an officer and director of Calamos but not when he is sued based on his acts as a controlling stockholder.

(D.I. 210 at 5 (internal citations omitted)).

In the Stockholder Action, Mr. Calamos was sued in two capacities: first as an officer and director of Calamos, and second as a controlling stockholder. As the Court explained in the Coverage Opinion:

> The complaint in the Stockholder Action asserted two claims, which I discuss in reverse order. First is a claim for breach of fiduciary duty against Mr. Calamos in his capacity as the officer and director of Calamos [**hereinafter, "Officer and Director Claim"**] . . . . Second is a claim for breach of fiduciary duty against Calamos' "controlling stockholders," which the complaint defined to include Mr. Calamos, Calamos Partners LLC, Calamos Family Partners, and another entity not relevant here [**hereinafter, "Controlling Stockholder Claim"**].

(*Id.* at 4 (internal citations omitted)).

Finally, the Court addressed the parties' re-characterization of the Controlling Stockholder Claim:

> At various times in the briefs, both parties assert that the controlling stockholder claim should be read as allegations against Mr. Calamos in whatever capacity best suits their needs for that particular argument. (*See* D.I. 156 at (the controlling stockholder claim is about Mr. Calamos' acts as an officer and director of Calamos Family Partners); D.I. 179 at 16 (the stockholder claim is about Mr. Calamos' abuse of his power as an officer of Calamos Partners LLC); D.I. 189 at 10 (the stockholder claim is "first and foremost" about Mr. Calamos acts as a controlling shareholder"). Ultimately, however, only stockholders can exercise the powers granted to stockholders.

2

(*Id*. at 4 n.2).

Accordingly, the Court rejected both parties' arguments that the Controlling Stockholder Claim was based on Mr. Calamos' acts as an officer or director of an entity, whether that entity was Calamos Family Partners or Calamos Partners LLC. (*Id*. at 4 & 4 n.2). The Court decided to "take[] the complaint in the Stockholder Action at face value" and concluded that the Controlling Stockholder Claim was "based on Mr. Calamos' acts as a stockholder." (*Id*.).

Given these foregoing statements, what the Coverage Opinion does not explicitly state but necessarily dictates is that the damages Calamos may seek at trial is limited to the amounts allocable under the relative exposure rule to the settlement and defense of the portion of the Officer and Director Claim based on acts by Messrs. Calamos and Koudounis in their capacity as officers and directors of Calamos.[1] Calamos may not seek damages based on the settlement and defense of the Controlling Stockholder Claim. And Calamos may not seek damages based on the settlement and defense of acts by Mr. Calamos in his capacity as an officer or director of any entity other than Calamos because he was not sued in that capacity.

Calamos' proposed order is contrary to the Coverage Opinion. Specifically, Calamos' proposed order seeks a declaration that:

> The claimed damages Plaintiff may seek at trial are those amounts allocable to the defense and settlement of the Stockholder Action on behalf of Messrs. Calamos and Koudounis **in their insured capacities**.

(D.I. 219-1 (emphasis added)). In its motion, Calamos contends that Mr. Calamos acted in an insured capacity when he took actions as an officer and director of Calamos Partners LLC. (D.I. 219 at 2). The Court has already rejected this argument in the Coverage Opinion. (*See*

---

[1] The Court is not aware of whether other defendants were also named in the Officer and Director Claim and, if so, what percentage would be allocable under the relative exposure rule to Messrs. Calamos and Koudounis.

3

D.I. 210 at 4).  Therefore, by its proposed order, Calamos seeks to expand the scope of coverage to include what the Court has already indicated was not available.  For this reason, the Court rejects the specific clarification Calamos seeks.

The Court will grant Calamos' motion for clarification in order to make clear the scope of potential available coverage.  But because Calamos' proposed order is contrary to the conclusions of the Coverage Opinion, the Court will not adopt the particular clarification Calamos seeks.

### III. CONCLUSION

For the foregoing reasons, Calamos' Motion for Clarification of the Court's April 30, 2021 Memorandum Opinion (D.I. 219) is granted in part and denied in part.  The Court will issue a clarification but not in form Calamos seeks.  An appropriate order will be entered.